IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| KIMBERLY D. REECE, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | _____ - cv - _____ |
| | : | |
| DOE MOUNTAIN RECREATION | : | |
| AUTHORITY and JOHNSON COUNTY | : | |
| Defendants. | : | JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW Plaintiff by and through her counsel, Tahinci Law Firm PLLC, and makes the following Complaint:

### PARTIES

1. Plaintiff Kimberly D. Reece ("Reece") is an adult individual residing at 3108 Campbell Road, Mountain City, Johnson County, Tennessee.

2. Defendant Doe Mountain Recreation Authority ("DMRA") is a Tennessee public body corporate and politic created by the Tennessee General Assembly and having its principal offices at 1203 Harbin Hill Road, Mountain City, Johnson County, Tennessee.

3. Defendant Johnson County ("County") is a Tennessee political subdivision having its principal offices at 222 West Main Street, Mountain City, Johnson County, Tennessee.

### JURISDICTION AND VENUE

4. The United States District Court for the Eastern District of Tennessee exercises jurisdiction over this matter pursuant 28 U.S.C.A. § 1331, 28 U.S.C.A. § 1332, 28 U.S.C.A. § 1367.

5. Pursuant 28 U.S.C.A. § 1391 (b)(1) and (2), venue lies in the United States District Court for the Eastern District of Tennessee as the Defendant maintains its principal place of

business in the Eastern District of Tennessee and a substantial part of the events giving rise to the claims occurred in the Eastern District of Tennessee.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. Reece filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on March 24, 2023. See true and correct copy of Charge of Discrimination attached hereto as Exhibit 1.

7. The EEOC issued a Determination and Notice of Rights letter dated September 14, 2023 and mailed September 22, 2023. See true and correct copy Determination and Notice of Rights letter and envelope attached hereto as Exhibit 2.

## FACTUAL MATTER

8. At all relevant times herein, DMRA and the County were engaged in commerce and operating the 8,600 acre Doe Mountain Recreation Area to promote adventure tourism activities.

9. On August 2, 2021, DMRA and the County hired Reece in the position of full time office assistant.

10. At the time Reece was hired by former DMRA Executive Director Tate Davis ("Davis"), Reece was 57 years of age.

11. Within a few weeks after Reece was hired by DMRA and the County, DMRA and the County promoted Reece to the position of Administrative Manager.

12. Davis resigned in August 2021. On or about September 15, 2021, a new Executive Director, Sean Lindsey ("Lindsey"), took office. Lindsey was significantly younger than Reece. At the September 2021 DMRA Board meeting, Lindsey proposed a staff reorganization, which the Board ultimately approved. On or about October 21, 2021, Reece's title was changed to Office

and Finance Manager. Reece's pay structure was changed from hourly to salaried with the intention of making her an exempt employee.

13. On June 7, 2022, at the request of Lindsey, DMRA and the County approved a series of raises, effective July 1, 2022, for several DMRA/County co-employees.

14. Reece was not given a raise.

15. All employees who received raises were substantially younger than Reece.

16. On July 11, 2022 Reece sent an email to Lindsey and the DMRA board of directors. See true and correct copy of July 11, 2022 email attached hereto as Exhibit 3.

17. The July 11, 2022 email followed several months of Reece questioning Lindsey concerning issues of whether employees were exempt or non-exempt and other payroll issues.

18. In the July 11, 2022 email, Reece complained that DMRA was not properly classifying employees as exempt or non-exempt for purposes of the Fair Labor Standards Act ("FLSA"). See Exhibit 3.

19. Reece further complained in the July 11, 2022 email that Lindsey directed employees, in violation of FLSA, to record no more than 40 hours of time per week irrespective of the actual number of hours worked. See Exhibit 3.

20. Reece further complained in the July 11, 2022 email that DMRA employees were not accorded overtime or compensatory time in accord with the requirements of FLSA. See Exhibit 3.

21. Reece further complained in the July 11, 2022 email that Reece and Jim Swift ("Swift"), the two oldest employees, were not given raises.

22. On August 22, 2022, DMRA/the County informed Reece that Reece's position was eliminated and that Reece's employment with DMRA/the County was terminated.

23. DMRA/the County terminated Reece's employment in retaliation for the complaints Reece made in the July 11, 2022 email. Lindsey had previously made statements to Reece on multiple occasions indicating that he "valued loyalty." After Reece made her complaints on July 11, 2022, Lindsey intentionally did not speak to Reece for several days. He further asked another employee, Becky Wright, if he could trust Reece, telling Wright that Reece was not being sufficiently loyal to him.

24. At the time of termination, Reece was 58 years of age.

25. On or about September 5, 2022, DMRA posted a position for an Administrative Assistant/Board Liaison performing many of the same duties as Reece performed prior the time DMRA/County terminated Reece's employment.

26. The post of Administrative Assistant/Board Liaison was filled by Autumn Groesbeck ("Groesbeck").

27. Groesbeck was in her early 20s at the time.

28. Groesbeck was less qualified than Reece to perform the duties of Administrative Assistant/Board Liaison.

29. DMRA/the County replaced Reece with Groesbeck.

30. As a direct and proximate result of DMRA's/County's failure to give a raise to Reece and DMRA's/County's termination of Reece, Reece has suffered lost wages and benefits; lost future wages and benefits; emotional and mental pain, distress, suffering, and anguish; humiliation; and loss of enjoyment in life.

## CAUSES OF ACTION

### COUNT I - RETALIATION - FAIR LABOR STANDARDS ACT (29 U.S.C.A. § 201, *et seq*)

31. Paragraphs 1 through 30 of this Complaint are restated and reincorporated by reference as though fully set forth.

32. At all relevant times herein, DMRA and the County were employers as defined by the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C.A. § 201, *et seq*.

33. At all relevant times herein, Reece was an employee as defined by FLSA.

34. FLSA prohibits employers from discharging or otherwise discriminating against employees who file complaints regarding FLSA compliance. 29 U.S.C.A. § 215 (a)(3).

35. Reece engaged in protected conduct by filing the complaints contained in her July 11, 2022 email to DMRA/County officers and directors.

36. DMRA/County discharged Reece for engaging in protected conduct.

37. DMRA/County have willfully violated the anti-discharge provision of FLSA by terminating Reece's employment.

38. FLSA provides that an employee may bring an action for violation of § 215 (a)(3) and seek legal and equitable relief, as well as payment of lost wages with an additional equal amount as liquidated damages. 29 U.S.C.A. § 216 (b).

39. FLSA provides that an employee may recover counsel fees incurred in bringing an action against an employer for violation of FLSA's anti-retaliation provisions. 29 U.S.C.A. § 216 (b).

WHEREFORE, Plaintiff Kimberly D. Reece respectfully requests that the Honorable Court enter judgment in her favor and against Defendants Doe Mountain Recreation Authority and Johnson County providing the following relief:

A. Lost wages and benefits damages in an amount to be determined.

B. Liquidated damages in an amount equal to lost wage damages.

C. Reinstatement and promotion.

D. Counsel fees.

E. Prejudgment and post-judgment interest.

F. Costs and expenses.

G. Such other relief as the Court may deem just.

## COUNT II - AGE DISCRIMINATION IN EMPLOYMENT ACT - (29 U.S.C.A. § 621, *et seq*) DISCRIMINATION

40. Paragraphs 1 through 39 of this Complaint are restated and reincorporated by reference as though fully set forth.

41. At all relevant times herein, DMRA/County were political subdivisions of the State of Tennessee or agencies or instrumentalities of the State of Tennessee or a political subdivision of the State of Tennessee.

42. At all relevant times herein, DMRA/County were employers as defined by the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C.A. § 621, *et seq*.

43. At all relevant times herein, Reece was over the age of 40.

44. ADEA provides that it is unlawful for an employer to discharge any individual or otherwise discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment because of such individual's age. 29 U.S.C.A. § 623 (a)(1).

45. In violation of ADEA, DMRA/County willfully discriminated against Reece on the basis of age by providing pay raises to substantially younger employees than Reece on the basis of age.

46. In violation of ADEA, DMRA/County willfully discriminated against Reece on the basis of age when it terminated Reece's employment, at the age of 58, and replaced Reece with a person in her twenties.

47. ADEA permits an individual to file a civil action to recover relief available under 29 U.S.C.A. § 216 together with equitable relief. 29 U.S.C.A. § 626 (b).

48. ADEA provides that an employee may recover counsel fees incurred in bringing an action against an employer for violation of FLSA's anti-retaliation provisions. 29 U.S.C.A. § 626 (b).

WHEREFORE, Plaintiff Kimberly D. Reece respectfully requests that the Honorable Court enter judgment in her favor and against Defendants Doe Mountain Recreation Authority and Johnson County providing the following relief:

    A. Lost wages and benefits damages in an amount to be determined.

    B. Liquidated damages in an amount equal to lost wage damages.

    C. Reinstatement and promotion.

    D. Counsel fees.

    E. Prejudgment and post-judgment interest.

    F. Costs and expenses.

    G. Such other relief as the Court may deem just.

<u>COUNT III - AGE DISCRIMINATION IN EMPLOYMENT ACT - (29 U.S.C.A. § 621, *et seq*)</u>
<u>RETALIATION</u>

49. Paragraphs 1 through 48 of this Complaint are restated and reincorporated by reference as though fully set forth.

7 of 11
Case 2:23-cv-00166-DCLC-CRW   Document 1   Filed 12/12/23   Page 7 of 11   PageID #: 7

50. ADEA provides that it is unlawful for an employer to discriminate against an employee who opposes any practice made unlawful under the ADEA or because the employee has made a charge of discrimination under the ADEA. 29 U.S.C.A. § 623 (d).

51. Reece engaged in protected conduct when, in Reece's July 11, 2022 email, Reece opposed DMRA's/County's practice of discriminatorily granting or withholding pay raises on the basis of age.

52. In violation of ADEA, DMRA/County willfully retaliated against Reece when it terminated Reece's employment as a result of Reece's complaints and charges of age discrimination contained in her July 11, 2022 email.

53. ADEA permits an individual to file a civil action to recover relief available under 29 U.S.C.A. § 216 together with equitable relief. 29 U.S.C.A. § 626 (b).

54. ADEA provides that an employee may recover counsel fees incurred in bringing an action against an employer for violation of FLSA's anti-retaliation provisions. 29 U.S.C.A. § 626 (b).

WHEREFORE, Plaintiff Kimberly D. Reece respectfully requests that the Honorable Court enter judgment in her favor and against Defendants Doe Mountain Recreation Authority and Johnson County providing the following relief:

    A. Lost wages and benefits damages in an amount to be determined.

    B. Liquidated damages in an amount equal to lost wage damages.

    C. Reinstatement and promotion.

    D. Counsel fees.

    E. Prejudgment and post-judgment interest.

    F. Costs and expenses.

G. Such other relief as the Court may deem just.

## COUNT IV - TENNESSEE HUMAN RIGHTS ACT - TENN. CODE ANN. §4-21-101, *et seq.* AGE DISCRIMINATION

55. Paragraphs 1 through 54 of this Complaint are restated and reincorporated by reference as though fully set forth.

56. At all relevant times herein, DMRA/County were employers as defined by the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. § 4-21-101, *et seq.*

57. At all relevant times herein, Reece was a person as defined by the THRA and was over the age of 40.

58. THRA provides that an employer may not discharge or otherwise discriminate against an individual on the basis of the individual's age. Tenn. Code Ann. § 4-21-401 (a)(1).

59. In violation of THRA, DMRA/County willfully discriminated against Reece on the basis of age by providing pay raises to substantially younger employees than Reece.

60. In violation of THRA, DMRA/County willfully discriminated against Reece on the basis of age when it terminated Reece's employment, at the age of 58, and replaced Reece with a person in her twenties.

WHEREFORE, Plaintiff Kimberly D. Reece respectfully requests that the Honorable Court enter judgment in her favor and against Defendant Doe Mountain Recreation Authority providing the following relief:

A. Awarding back pay and benefits, front pay and benefits, as well as damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses in an amount in excess of $75,000.00.

B. Reinstatement and promotion.

D. Counsel fees.

C. Prejudgment and post-judgment interest.

D. Costs and expenses.

E. Such other relief as the Court may deem just.

## COUNT V - TENNESSEE HUMAN RIGHTS ACT - TENN. CODE ANN. §4-21-101, *et seq*. RETALIATION

61. Paragraphs 1 through 60 of this Complaint are restated and reincorporated by reference as though fully set forth.

62. THRA provides that it is unlawful for an employer to discriminate against an employee who opposes any practice made unlawful under the THRA or because the employee has made a charge of discrimination under the ADEA. Tenn. Code Ann. § 4-21-301(a)(1)

63. Reece engaged in protected conduct when, in Reece's July 11, 2022 email, Reece opposed DMRA's/County's practice of discriminatorily granting or withholding pay raises on the basis of age.

64. In violation of THRA, DMRA/County willfully retaliated against Reece when it terminated Reece's employment as a result of Reece's complaints and charges of age discrimination contained in her July 11, 2022 email.

WHEREFORE, Plaintiff Kimberly D. Reece respectfully requests that the Honorable Court enter judgment in her favor and against Defendant Doe Mountain Recreation Authority providing the following relief:

A. Awarding back pay and benefits, front pay and benefits, as well as damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses in an amount in excess of $75,000.00.

B. Reinstatement and promotion.

D. Counsel fees.

C. Prejudgment and post-judgment interest.

D. Costs and expenses.

E. Such other relief as the Court may deem just.

KIMBERLY D. REECE,

By Counsel

s/ *Alexis I. Tahinci*
Alexis I. Tahinci (BPR #031808)
Tahinci Law Firm, PLLC
105 Ford Ave., Suite 3
Kingsport, TN 37663
Ph: (423) 406-1151
F: (423) 815-1728
alexis@tahincilaw.com
COUNSEL FOR PLAINTIFF